**ZANONE COMPANY, Inc., Appellant,**

v.

**STANDARD OIL COMPANY, Inc. (Incorporated in Kentucky), Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1959.

Rehearing Denied May 1, 1959.

Fisher & McConnell, Charles C. McConnell, Louisville, for appellant.

Middleton, Seelbach, Wolford, Willis & Cochran, Louis Seelbach, Charles G. Middleton, Jr., Gerald Kirven, Louisville, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment awarding Standard Oil Company the sum of $868.34 against Zanone Company, Inc. The latter sued Standard to recover the sum of $1468.66 and Standard counterclaimed for the sum of $2335. Zanone denied liability as to the amount of the counterclaim on the ground that it had accrued against a partnership which had ceased to exist and that the corporation had not agreed to pay any obligations of the partnership. The lower court found against this contention and adjudged Standard entitled to the difference between these two sums.

The record established that the corporation was a family device organized to take over the assets of the partnership and carry on the same business without any cessation of activity; and that many of the assets transferred over from the partnership were acquired without any consideration. According to Twyman Zanone, one of two persons who composed the partnership and who thereafter became the president of the newly-created corporation, the purpose of bringing the cor-

poration into existence was "to search about for some means to be able to do business and not be entangled with the past."

The lower court found the corporation was merely a continuance of the partnership under a new form, and that the consideration for the sale of the assets of the partnership to the corporation was inadequate and also that the transfer of all the assets of the partnership under the circumstances was consummated for the purpose of defeating the creditors of the latter. It therefore held the corporation liable on Standard's counterclaim.

We concur in this holding of the lower court. See 13 Am.Jur., Corporations, § 1248, p. 1133.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.